# Morgan Lewis

**Brian A. Herman**
Partner
+1.212.309.6909
brian.herman@morganlewis.com

February 20, 2019

**VIA ECF FILING**

The Honorable Joseph F. Bianco
U.S. District Court for the Eastern District of New York
Long Island Courthouse, 100 Federal Plaza
Central Islip, NY 11722

Re:     <u>Puleo v. NIBCO Inc., No. 2:18-cv-055555 (E.D.N.Y)</u>

Dear Judge Bianco:

Pursuant to Section III.A of your Honor's Individual Motion Practice Rules and on behalf of Defendant NIBCO Inc., we write to request a pre-motion conference regarding the filing of a Motion to Dismiss.

Plaintiff Cesare Puleo alleges that he purchased a home constructed with NIBCO products, including cross-linked polyethylene ("PEX") plumbing tubes and related fittings and clamps. *See* Dkt. 1 ¶ 13. He alleges that in January 2018, a section of PEX tubing in his house ruptured and caused water damage to his home. *Id.* ¶ 14.

Though this lawsuit is styled as a putative class action on behalf of all owners of structures physically located in New York in which NIBCO's PEX products were or are currently installed, the putative class claims have been rendered unnecessary by a nationwide settlement that includes these same structures pending in the United States District Court for the District of New Jersey. The settlement received preliminary approval on November 14, 2018. *See* Exhibit 1 (Order Granting Preliminary Approval To Class Action Settlement entered in *Cole, et al. v. NIBCO Inc.*, C.A. No. 3:13-cv-7871-FLW-TJB); *see also id.* at §I.C. (defining settlement class to include "[a]ll Persons that own or have owned at any time since January 1, 2005, a residential or commercial structure in the United States that contains or contained NIBCO's Tubing, Fittings, or Clamps . . . ."). Settlement notice has been distributed and a fairness hearing set for April 8, 2019.

Puleo has opted out of the class settlement to pursue his claims individually. *See* Ex. 2 (Opt Out Request). NIBCO, accordingly, is not seeking to stay this action pending the *Cole* Court's approval proceedings based on that understanding.[1] NIBCO does, however, seek permission to file a motion to dismiss Puleo's Complaint on at least the following grounds:

---

[1] The *Cole* Preliminary Approval Order provides that "Settlement Class Members" like the members of the putative class described in the Complaint "shall not institute, commence, or prosecute any

***First***, the implied warranty claim is time-barred. The four-year statute of limitations accrues from "'tender of delivery' of the product . . . regardless of whether the purchaser is aware of the breach at that time." *Long Island Lighting Co. v. Transamerica Delaval, Inc.*, 646 F. Supp. 1442, 1454 (S.D.N.Y. 1986). Here, Puleo's PEX products allegedly were installed in 2012 or 2013, and the leaks are alleged to have occurred more than four years later -- in 2018. (Dkt. 1 ¶¶ 13, 14.) Puleo's implied warranty claim is thus time-barred and should be dismissed. *Marshall v. I-Flow, LLC*, No. 5:12-CV-721, 2012 WL 3241237, at *3 (N.D.N.Y. Aug. 7, 2012) (dismissing untimely implied warranty claim); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 532 (E.D.N.Y. 2012) (same).

***Second***, the express warranty claim fails because Plaintiff has not pled detrimental reliance on the terms of the Limited Warranty when making a purchase decision and thus cannot satisfy the basis of the bargain element of his claim. "To state a claim for breach of express warranty, the plaintiff must allege that [he] relied upon the warranty to its detriment." *Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590, 2018 WL 4783962, at *8 (E.D.N.Y. Sept. 29, 2018) (citations omitted). Puleo does not allege that he selected the PEX products at all, much less that he selected them because of the Limited Warranty. *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009) (dismissing express warranty claim because, among other reasons, "[n]owhere in her amended complaint does plaintiff allege that she relied on defendants' alleged representation"); *Oden v. Boston Sci. Corp.*, No. CV-180334, 2018 WL 3102534, at *9 (E.D.N.Y. June 4, 2018) ("[T]he Complaint is devoid of any facts that would permit the inference that Plaintiff actually read these statements and directly relied upon them when making the decision to utilize Defendant's product"). Moreover, by its plain terms, NIBCO's Limited Warranty covers only "defects in materials and workmanship." *See* Dkt. 1 at Ex. 1. Under New York law, such a warranty extends only to manufacturing defects -- not design defects -- and therefore Puleo's express warranty claim should be dismissed insofar as he contends his PEX products are defectively designed. *See Miller v. Hyundai Motor Am.*, No. 15-cv-4722, 2017 WL 4382339, at *4-5 (S.D.N.Y. Sept. 29, 2017) (dismissing express warranty claim based on design defect as to "materials and workmanship" warranty).

***Third***, the complaint is devoid of well-pleaded factual allegations demonstrating how NIBCO's alleged "post-sale" failure to warn caused Puleo's alleged injury. His conclusory allegations fall short of the standards imposed by *Twombly* and *Iqbal*. *See* Dkt. 1 at ¶ 88 (stating that "NIBCO's negligent failure to warn or instruct . . . was a substantial factor in causing the harm . . . .").

---

action that asserts Released Claims against any Released Party in any court or tribunal, unless they file a timely and valid Request for Exclusion from the Settlement." Ex. 1 at §VII. NIBCO reserves the right to seek a stay should Puleo attempt to pursue claims resolved by the *Cole* settlement. A stay in those circumstances would be warranted to conserve both private and judicial resources, and prevent wasteful litigation pending final approval. "Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them." *In re HSBC*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015); *see Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 511 (S.D.N.Y. 2017) (staying putative class action pending final approval of settlement of nationwide class) (citations omitted); *In re JPMorgan Chase LPI Hazard Litig.*, Case No. C-11-03058 JCS, 2013 WL 3829271, at *2-5 (C.D. Cal. July 23, 2013) (staying action because of advanced settlement discussions).

**Fourth**, Puleo's negligence and failure to warn claims should be dismissed to the extent they seek recovery for alleged damages to the interior of his home. Pursuant to the economic loss doctrine, tort recovery for negligence and strict product liability is barred when "claimed losses flow from damage to the property that is the subject of the contract, and personal injury is not alleged or at issue. The rule is applicable to economic losses to the product itself as well as consequential damages resulting from the defect." *Bristol Vill., Inc. v. Louisiana-Pacific Corp.*, 916 F. Supp. 2d 357, 365 (W.D.N.Y. 2013). In the context of integrated construction materials like plumbing systems, courts recognize that a product failure that damages only adjacent portions of the home structure does not constitute physical injury to "other property" for the purposes of avoiding the economic loss doctrine. *See*, *e.g.*, *Washington Apts., L.P. v. Oetiker, Inc.*, 43 Misc.3d 265 (N.Y. Sup. Ct. 2013) (dismissing tort claims because economic loss doctrine barred recovery for damage to surrounding areas of home caused by leaked plumbing clamps); *see also Bristol Vill.*, 916 F. Supp. 2d at 365-66.

**Fifth**, Puleo cannot maintain any claim concerning the PEX products in his home that have not leaked. Liability does not attach unless the alleged "defect was a substantial factor in bringing about [plaintiff's] injury or damages." *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 106 (1983) (emphasis added). Puleo does not allege to have experienced *any* leak of PEX clamps or fittings, much less a leak that caused physical damage to "other property." Any purported claims over those products should be dismissed.

**Finally**, where, as here, "a valid warranty governs the subject matter of a suit, a plaintiff cannot recover in quasi-contract, and it is appropriate to dismiss an unjust enrichment claim." *Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 316 (W.D.N.Y. 2013). Puleo has alleged a claim for breach of a contractual Limited Warranty that allegedly covers the PEX products in his home. See Dkt. 1 ¶¶ 59-66. Thus, "[h]aving chosen to sue for breach of warranty, [he] cannot plead an alternative quasi-contract claim in the hopes of modifying the terms of that warranty." *Id.* at 317; *see also Marshall v. Hyundai Motor Am.*, No. 12-CV-3072, 2014 WL 5011049, at *15-16 (S.D.N.Y. Sept. 30, 2014) (dismissing unjust enrichment claim as duplicative of breach warranty claim); *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 485 (E.D.N.Y. 2011) (same).

Based on the foregoing, NIBCO respectfully requests a pre-motion conference to discuss the filing of its anticipated motion to dismiss and to set a briefing schedule.

Respectfully submitted,

/s/Brian A. Herman

Brian A. Herman
Counsel for NIBCO Inc.


cc: All counsel of record (via ECF filing)