

March 1, 2019

**VIA ECF**
The Honorable Joseph F. Bianco
District Judge, Eastern District of New York
United States District Court
100 Federal Plaza
Central Islip, NY 11722

                Re:      Puleo v. NIBCO, Inc. (2:18-cv-05555)

      We represent Plaintiff in the above-captioned matter and write in response to Defendant's February 20, 2019 letter requesting a pre-motion conference.  As an initial matter, Plaintiff intends to amend its complaint to add strict liability claims.  Nevertheless, Plaintiff responds to each of the points raised in Defendant's letter.

      As Defendant notes, a nationwide class action in the District Court of New Jersey has received preliminary approval of a settlement on behalf of a nationwide class of consumers of the same products at issue in this case.  Defendant contends that Plaintiff's putative class action claims have thus been rendered moot.  However, Plaintiff in this case has opted out of that settlement, and final approval has not yet been granted. Whether Plaintiff pursues this claim individually or as a putative class action will be guided by the court's final approval decision in that matter.

      Nevertheless, Plaintiff's claims are well-pled and should not be dismissed. Plaintiff's implied warranty claims are not untimely.  This is because, inter alia, the four-year statute of limitations is equitably tolled.  Equitable tolling applies where "the defendant wrongfully concealed material facts," which "prevented plaintiff's discovery of the nature of the claim," and "plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (internal quotation marks omitted).  Here, the Complaint amply alleges that by selling PEX Products which Defendant knew contained the defects described in the Complaint, and by actively concealing the existence of those defects from Plaintiffs, Defendant made it impossible for Plaintiff to bring suit – or even realize that such a suit was available– until the Products actually failed. *See* Compl. at ¶¶ 54-58.  This occurred, at the earliest, in January 2018.  *See* Compl. at ¶ 14.

      Defendant also argues that Plaintiff's express warranty claims fail because Plaintiff has not pled detrimental reliance on the terms of the limited warranty.  However, under the U.C.C. "the requirement of reliance is subsumed into the question of whether the warranty was part of the basis of the bargain, and there is a presumption that a seller's affirmations go to the basis of the bargain." *Manier v. L'Oreal U.S.A., Inc. (In re Amla Litig.)*, 16-cv-6593 (JSR); 17-cv-111 (JSR), 2017 U.S. Dist. LEXIS 116139, *29 (S.D.N.Y. Jul. 17, 2017) Here, Plaintiff alleges that he purchased Defendant's Products, and that those Products came with a written warranty.

Compl. at ¶¶ 13, 24, 32, 34.  These allegations are sufficient to plead express warranty.  *See Richards v. Johnson & Johnson, Inc.*, 5:17-cv-00178 (BKS/ATB), 2018 U.S. Dist. LEXIS 210184, *9 (S.D.N.Y. Dec. 13, 2018) (finding reliance sufficiently pled in an express warranty claim where the complaint alleged that plaintiff had purchased the product at issue and the product at issue came with a warranty because those allegations lead to a reasonable inference that the warranty was part of the benefit of the bargain).  Moreover, the Complaint alleges that all consumers (necessarily including plaintiff) relied on Defendant's warranty regarding the pipe products.  Compl. ¶ 5.  Even if explicitly pleading reliance on the warranty were required (which it is not), this allegation would be sufficient.  Finally, the express warranty claim does not contend that Defendant's products are defectively designed, but are rather premised on the products' manufacturing defects, which are covered by the express terms of the warranty.  *See* Compl. ¶¶ 60-66.

      Defendant also takes issue with Plaintiff's allegations that a failure to warn proximately caused the injuries.  But, to establish causation Plaintiff must simply allege that: (1) a manufacturer has a duty to warn (2) against dangers resulting from foreseeable uses about which it knew or should have known, and (3) that failure to do so was the proximate cause of the harm.  *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 575 (E.D.N.Y. 2012).  Plaintiff has adequately pled each of these elements, including proximate cause, by alleging that had NIBCO warned him of the defects inherent in the PEX products, Plaintiff would not have purchased the products and, accordingly, would have avoided the exact harm he encountered when the products failed. *See* Compl. ¶ 16 ("Plaintiff would not have purchased and installed the PEX Products and exposed his real and personal property to flooding and water damage, had NIBCO disclosed the propensity for the PEX Products to fail."); *see also* Compl. ¶¶ 10, 88.

      Further, the economic loss rule does not bar Plaintiff from recovering for the damage to his home caused by Defendant's defective products.  New York's "economic loss doctrine" provides that a purchaser cannot recover in tort against a manufacturer for monetary harm to a product caused by a defect in the product itself.  But tort liability still attaches when a product causes damage not only to itself, but to "other property."  *See, e.g., Praxair, Inc. v. Gen. Insulation Co.*, 611 F. Supp.2d 318, 326 (W.D.N.Y. 2009) ("The economic loss doctrine does not apply where a defective product causes damage to 'other property.'"); *Travelers Cas. and Sur. Co. v. Dormitory Authority--State of N.Y.*, 07-CV-6915, 2008 U.S. Dist. LEXIS 34120, at *3 (S.D.N.Y. Apr. 25, 2008) ("Courts have recognized an exception to the economic loss doctrine where a defective product causes damage not only to itself, but also to other property."). The interior of Plaintiff's home which was damaged when Defendant's pipes leaked constitutes such "other property." *See Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp. 2d 174, 189 (W.D.N.Y. 2009) (after a defect in plaintiff's motor home cause a fire, the economic loss rule did not bar plaintiff from recovering damages for the property inside the motor home); *126 Newton St., LLC v. Allbrand Commercial Windows & Doors, Inc.*, 121 A.D.3d 651, 653, 993 N.Y.S.2d 558 (N.Y. App. Div. 2d Dep't 2014) ("[T]he plaintiff also claims that the intrusion of water caused by the defective windows and doors resulted in injury to other structural elements of the building, such as flooring and walls. These losses constitute damage to 'other property' that was not the subject of the parties' agreement and, accordingly, support a valid tort cause of action.") (citations omitted); *Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp.2d 241, 272 (S.D.N.Y. 2001) (concluding that the economic loss rule did not bar plaintiff's tort claims because "the TR-140 filters [at issue] caused harm to 'other property' in that they contaminated the water throughout the whirlpool spa system . . . .").

      Plaintiff may also represent consumers whose defective PEX fittings and clamps leaked, even though Plaintiff's fittings and clamps did not.  Plaintiff's home was equipped not only with the PEX tubing, but also the PEX fittings and clamps.  *See* Compl. ¶ 13.  Like the PEX tubing, the clamps and fittings came with a 25-year warranty and Defendant made similar representations regarding their superior quality.  *See* Compl. ¶¶ 24 and 34   And, as set forth in paragraph 6 of the Complaint, each of the products suffers from a substantially similar defect, i.e., they are predisposed to rupture and leak prematurely as a result of corrosion and degradation.  *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 535 (E.D.N.Y. 2017) (plaintiff can represent class members who purchased different flushable wipe products because all of the products bore substantially similar representations and suffered from the same deficiency).

      Finally, Plaintiff is permitted to plead an unjust enrichment claim in the alternative to his warranty claims.  As set forth in *Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397 (S.D.N.Y. 2010), it is inappropriate at the motion to dismiss phase to issue a ruling as to whether an unjust enrichment claim is duplicative because that question may be answered through discovery.  Because Plaintiff may plead his unjust enrichment claims in the alternative to his other claims, and questions of fact remain as to all of Plaintiff's claims, the Court should decline to dismiss Plaintiff's unjust enrichment claim.  Moreover, this Court has sustained unjust enrichment claims alongside warranty claims in *Ackerman v. Coca-Cola Co.*, 2010 U.S. Dist. LEXIS 73156 (E.D.N.Y. July 21, 2010) and in *In re Bayer Corp. Combination* Aspirin,701 F. Supp. 2d 356, 384 (E.D.N.Y. 2010), where it held: "[P]laintiffs charge defendant with employing misleading statements about the virtues of the combination product to market them to consumers.  Because of these misrepresentations, plaintiffs purchased the combination products and defendant retained those benefits. If the allegations in the Complaint are true, then defendant reaped a financial reward at plaintiffs' expense. This is sufficient to state a claim for unjust enrichment." Here, a plain reading of the Complaint reveals that each of the elements necessary to sustain an unjust enrichment action has been pled.

      Respectfully submitted,

**THE SULTZER LAW GROUP P.C.**

Jason Sultzer

cc: All Counsel of Record via ECF