*Date of Service: June 10, 2019*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------- X
CESARE PULEO, individually and on behalf of all   :
others similarly situated,                                           :
                                                                                 :
                                      Plaintiff,                          :
                                                                                 :      Case No. 18-cv-05555 (NGG) (PK)
            -against-                                                     :
                                                                                 :
NIBCO, INC. and                                                    :
ADRIANO PLUMBING & HEATING CORP.,   :
                                                                                 :
                                      Defendants.                   :
---------------------------------------------- X

# REPLY MEMORANDUM OF LAW OF
# DEFENDANT NIBCO INC.
# IN FURTHER SUPPORT OF MOTION TO DISMISS

**MORGAN, LEWIS & BOCKIUS LLP**

J. Gordon Cooney, Jr. (*pro hac vice* application forthcoming)
Franco A. Corrado (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
gordon.cooney@morganlewis.com
franco.corrado@morganlewis.com

Simon Chang
101 Park Avenue
New York, NY 10178
(212) 309-6000
simon.chang@morganlewis.com

*Attorneys for Defendant NIBCO Inc.*

# **TABLE OF CONTENTS**

                                                                                                                            **Page**

**INTRODUCTION** .............................................................................................................................. 1

**ARGUMENT** ................................................................................................................................... 1

        **A.**      **Plaintiff's Express Warranty Claim Must Be Dismissed [First Cause of Action]** ............................................................................................................. 1

                **1.**   *Plaintiff Fails To Plead The "Basis Of The Bargain" Element* ................... 1

                **2.**   *Plaintiff Fails To Plead A Warrantable Manufacturing Defect* .................. 2

        **B.**      **Plaintiff's Implied Warranty Claims Must Be Dismissed [Second And Third Causes Of Action]** ............................................................................................. 3

                **1.**   *Plaintiff Does Not Dispute That All Implied Warranty Claims Fail In The Absence Of Privity Or That He Fails To Meet The Requirement For The Implied Warranty Of Fitness For A Particular Purpose* ................ 3

                **2.**   *Plaintiff Fails To Demonstrate A Tolling Exception To His Time-Barred Implied Warranty Claims* ............................................................... 4

        **C.**      **Plaintiff's Strict Liability And Negligence Claims Must Be Dismissed With A Sole Limited Exception [Fourth, Fifth, Sixth, And Seventh Causes of Action]** ........................................................................................................ 5

                **1.**   *The Economic Loss Doctrine Bars The Claims* ............................................ 5

                **2.**   *Plaintiff Also Fails To Allege Claims Based On Manufacturing Defect and Failure To Warn Theories* ............................................................ 8

        **D.**      **Plaintiff's Claims Must Be Dismissed To The Extent They Are Based On PEX Clamps Or Fittings [All Causes of Action]** .......................................... 9

        **E.**      **Plaintiff's Unjust Enrichment Claim Must Be Dismissed [Eighth Cause of Action]** ...................................................................................................... 10

**CONCLUSION** .............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*126 Newton St., LLC v. Allbrand Commercial Windows & Doors, Inc.*,
 121 A.D.3d 651 (2d Dep't 2014) ..................................................................................6

*Arkwright Mut. Ins. Co. v. Bojoirve, Inc.*,
 No. 93 CV 3068, 1996 WL 361535 (S.D.N.Y. June 27, 1996) ...................................6

*Atlas Air, Inc. v. Gen. Elec. Co.*,
 16 A.D.3d 444 (2d Dep't 2005) ....................................................................................6

*In re AutoHop Litig.*,
 No. 12 CV 4155, 2013 WL 5477495 (S.D.N.Y. Oct. 1, 2013) ....................................4

*Bristol Vill., Inc. v. Louisiana-Pac. Corp.*,
 916 F. Supp. 2d 357 (W.D.N.Y. 2013) ............................................................6, 7, 10

*Catalano v. BMW of N. Am., LLC*,
 167 F. Supp. 3d 540 (S.D.N.Y. 2016) ..........................................................................3

*Dietrich v. Bauer*,
 76 F. Supp. 2d 312 (S.D.N.Y. 1999) ............................................................................5

*Garcia v. Chrysler Grp. LLC*,
 127 F. Supp. 3d 212 (S.D.N.Y. 2015) ..........................................................................3

*Guariglia v. Procter & Gamble Co.*,
 No. 15 CV 04307, 2018 WL 1335356 (E.D.N.Y. Mar. 14, 2018) ..........................3, 8

*Haag v. Hyundai Motor Am.*,
 969 F. Supp. 2d 313 (W.D.N.Y. 2013) ........................................................................2

*Hemming v. Certainteed Corp.*,
 97 A.D.2d 976 (4th Dep't 1983) ...................................................................................7

*Holve v. McCormick & Co., Inc.*,
 334 F. Supp. 3d 535 (W.D.N.Y. 2018) ......................................................................10

*Jackson v. Eddy's LI RV Center, Inc.*,
 845 F. Supp. 2d 523 (E.D.N.Y. 2012) ..........................................................................5

*Lewis v. Casey*,
 518 U.S. 343 (1996) .....................................................................................................9

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Manier v. L'Oreal U.S.A., Inc. (In re Amla Litig.)*,
  16 CV 6593, 17 CV 111, 2017 U.S. Dist. LEXIS 116139 (S.D.N.Y. Jul. 17,
  2017) ............................................................................................................................1

*Meadow v. NIBCO Inc.*,
  No. 15-1124, 2016 WL 2986350 (M.D. Tenn. May 24, 2016) .................................10

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
  693 F.3d 145 (2d Cir. 2012).......................................................................................10

*Policy No. Z101663/003 v. Farley Grp.*,
  No. 12 CV 0707, 2015 WL 5602924 (N.D.N.Y. Sept. 23, 2015)..............................6

*Praxair, Inc. v. Gen. Insulation Co.*,
  611 F. Supp. 2d 318 (W.D.N.Y. 2009) .....................................................................7

*Richards v. Johnson & Johnson, Inc.*,
  No. 17 CV 00178, 2018 WL 6573332 (N.D.N.Y. Dec. 13, 2018) .......................1, 2

*Schweitzer v. Crofton*,
  No. 08 CV 135, 2010 WL 3516161 (E.D.N.Y. Sept. 1, 2010), *aff'd*, 560 F.
  App'x 6 (2d Cir. 2014)................................................................................................4

*Silivanch v. Celebrity Cruises, Inc.*,
  171 F. Supp. 2d 241 (S.D.N.Y. 2001).......................................................................7

*State of N.Y. v. Hendrickson Bros.*,
  840 F.2d 1065 (2d Cir. 1988).....................................................................................5

*Steinmetz v. Toyota Motor Credit Corp.*,
  963 F. Supp. 1294 (E.D.N.Y. 1997) .........................................................................9

*Vill. of Groton v. Tokheim Corp.*,
  202 A.D.2d 728 (3d Dep't 1994) ...............................................................................6

*Washington Apts., L.P. v. Oetiker, Inc.*,
  43 Misc. 3d 265 (N.Y. Sup., Erie County, 2013) ....................................................7

*Weiss v. Polymer Plastics Corp.*,
  21 A.D.3d 1095 (2d Dep't 2005) ...............................................................................7

*Yi Xiang v. Inovalon Holdings, Inc.*,
  No. 16 CV 4923, 2018 U.S. Dist. LEXIS 186608 (S.D.N.Y. Oct. 30, 2018)...........4

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Statutes**

NY UCC § 2-725 ..................................................................................................................4, 5

FRCP 9(b) ..................................................................................................................................4

FRCP 12 ....................................................................................................................................4

## INTRODUCTION

As explained in NIBCO's opening brief in support of its motion to dismiss, Plaintiff's Amended Complaint (Dkt. 18) suffers from material pleading deficiencies precluding the majority of his claims. Plaintiff's opposition fails to either address or meaningfully refute many of NIBCO's dispositive arguments. All claims addressed in NIBCO's motion to dismiss should be dismissed, with this litigation moving forward exclusively on Mr. Puleo's individual claim that defectively designed NIBCO PEX Tubing leaked and caused damage to his *personal* property.

## ARGUMENT

**A.   Plaintiff's Express Warranty Claim Must Be Dismissed [First Cause of Action]**

### 1. *Plaintiff Fails To Plead The "Basis Of The Bargain" Element*

Plaintiff has not adequately pled the "basis of the bargain" element of an express warranty claim because he does not allege that any purchasing decision by him was influenced by the existence of the NIBCO Limited Warranty. (MTD at 4-5). Plaintiff does not cite a single well-pled allegation that he chose PEX, purchased it, or even had any knowledge of the Limited Warranty at the time he purchased his home. Nor does he address or distinguish NIBCO's cases, including one dismissing express warranty claims under the similar circumstance of a consumer buying a home constructed with PEX under comparable state laws. (MTD at 4-5).

Plaintiff instead tries to evade the settled basis-of-the-bargain requirement by citing two cases that inferred reliance under the distinguishable situation of a consumer who actively participated in the decision to purchase the particular product at issue. *See Manier v. L'Oreal U.S.A., Inc. (In re Amla Litig.)*, 16 CV 6593, 17 CV 111, 2017 U.S. Dist. LEXIS 116139 (S.D.N.Y. Jul. 17, 2017) (consumers directly purchased hair products and alleged warranty statements at issue were on the packaging); *Richards v. Johnson & Johnson, Inc.*, No. 17 CV 00178, 2018 WL 6573332 (N.D.N.Y. Dec. 13, 2018) (plaintiff consulted with physician and contributed to decision

on appropriate choice of medical implant). In fact, *Richards* explains that generic allegations concerning the "basis of the bargain," like Plaintiff's here, are not enough to survive a motion to dismiss. *Richards*, 2018 WL 6573332, at *5. Plaintiff has not made any allegation that he was aware of even the inclusion of PEX Products in the home at the time he purchased that home.

### 2. *Plaintiff Fails To Plead A Warrantable Manufacturing Defect*

In its opening papers, NIBCO demonstrated that even if Plaintiff had satisfied the basis of the bargain requirement, his express warranty claim nonetheless fails because the Limited Warranty does not cover the design defect claim pled in the Amended Complaint. (MTD at 5-6). Plaintiff in response disavows that he is asserting any express warranty claim over a design defect, and so any such claim should be dismissed. (Opp. at 3-5; *see also* Plaintiff's pre-motion response letter, Dkt. 13, p. 2).

Nor are the Amended Complaint's conclusory references to a "manufacturing defect" enough to sustain a claim. (MTD at 5-6, 13-14). He argues that he should be permitted discovery to identify a flaw in the manufacturing process. (Opp. at 4-5). This argument, however, misunderstands the pleading obligations under *Twombly* and *Iqbal*. These cases make plain that a plaintiff must do more than plead legal characterizations and must include facts that plausibly establish the legal conclusion. (MTD at 3-4) (discussing *Twombly* and *Iqbal*). Rather than include any such facts, the Amended Complaint makes plain that his theory is that *all* PEX are made the same way and prone to fail because of design choices.[1] (Am. Compl. ¶¶ 7, 41, 59, 63, 88; *see* Opp. at 1; MTD at 5-6, 13-14).

---

[1] Plaintiff cites *Haag v. Hyundai Motor Am.*, 969 F. Supp. 2d 313, 316 (W.D.N.Y. 2013) and cases relying on *Haag* to argue for discovery to plead a claim. (Opp. 4-5). But, *Haag* did not substantively address the distinction between design defect and manufacturing defect claims, or consider a circumstance like here where Plaintiff's very allegations betray a manufacturing defect claim.

Courts have rejected similar tactics in dismissing manufacturing defect claims where the lawsuit was premised on alleged defects common to all products without well-pleaded facts suggesting that the plaintiff's product was made in a way that deviated from other products in the same line. *See Guariglia v. Procter & Gamble Co.*, No. 15 CV 04307, 2018 WL 1335356, at *5 (E.D.N.Y. Mar. 14, 2018) (recognizing plaintiff need not have "technical or scientific knowledge about the inner workings of a product," but need more than "offhand references to manufacturing defects" to plead claim); *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 555 (S.D.N.Y. 2016) (granting dismissal because plaintiff failed "to set forth sufficient facts to assert a manufacturing defect" where he alleged that the "same defects" were present in numerous BMW vehicle models for over several years and alleged no facts suggesting flaw in manufacturing process); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015) (dismissing manufacturing defect claim based on "offhand" and "repetitive statements" in light of allegations that all vehicles equipped with product share common defect).

Because Plaintiff alleges, at most, a design defect -- not a manufacturing defect -- his express warranty claim should be dismissed.

**B.** **Plaintiff's Implied Warranty Claims Must Be Dismissed [Second And Third Causes Of Action]**

    **1.** *Plaintiff Does Not Dispute That All Implied Warranty Claims Fail In The Absence Of Privity Or That He Fails To Meet The Requirement For The Implied Warranty Of Fitness For A Particular Purpose*

All of Plaintiff's implied warranty claims fail for lack of privity. In addition, Plaintiff has failed to allege some specialized use supporting a claim for breach of implied warranty of fitness for a particular purpose. (MTD at 7, 9-10). Plaintiff does not refute these arguments and they should thus be regarded as uncontested on the merits.

Instead, he incorrectly argues only that NIBCO's arguments were somehow "waived"

-3-

because they were not specifically identified in the three-page pre-motion letter. A "pre-motion conference letter" is "a mechanism provided for in a judge's Individual Practice Rules," which ***does not*** "constitute[] a 'motion' under Rule 12 such that a failure to raise a defense in such a letter results in a waiver of that defense." *See Schweitzer v. Crofton*, No. 08 CV 135, 2010 WL 3516161, at *7 (E.D.N.Y. Sept. 1, 2010), *aff'd*, 560 F. App'x 6 (2d Cir. 2014); *see also In re AutoHop Litig.*, No. 12 CV 4155, 2013 WL 5477495, at n. 15 (S.D.N.Y. Oct. 1, 2013) (rejecting "argument that [a party] waived its Rule 9(b) objection by failing to specify it in a pre-motion"). Indeed, the sole case Plaintiff cites -- *Yi Xiang v. Inovalon Holdings, Inc.*, No. 16 CV 4923, 2018 U.S. Dist. LEXIS 186608 (S.D.N.Y. Oct. 30, 2018) -- provides no support for his position and makes no mention of a waiver by omission in a pre-motion letter.[2]

Ordinarily, one would expect a litigant asserting waiver to also offer in the alternative reasons why the arguments also fail on their merits. Plaintiff tellingly offers none. Because Plaintiff is wrong about waiver, and has essentially conceded the merits by failing to respond, both implied warranty claims should be dismissed in their entirety.

### 2. *Plaintiff Fails To Demonstrate A Tolling Exception To His Time-Barred Implied Warranty Claims*

Though the Court need not address timeliness because Plaintiff's implied warranty claims fail for other reasons, he also does not dispute that he has sued outside the four-year limitations window established by NY UCC § 2-725.

Plaintiff advocates for tolling of the limitations period based on so-called fraudulent concealment but he has not alleged the requisite facts under Rule 9(b) demonstrating that ***he***

---

[2] In any event, NIBCO did not limit its arguments to those specifically identified in its pre-motion letter, and, in giving leave to file the motion, the Court did not impose any limitation on the scope of the arguments. (Dkt. 10, p. 1 (seeking leave to file a motion to dismiss "on at least" the grounds stated in the letter)).

-4-

*personally* was *actively misled* by NIBCO into sleeping on his rights to sue until after expiration of the limitations period. (MTD at 8-9; Opp. at 6-8). Moreover, his PEX Tubing is not alleged to have leaked until the time to bring an implied warranty claim had expired; and the argument that he did not discover the alleged defects until then in no way extends or delays accrual of his implied warranty claim. *See Jackson v. Eddy's LI RV Center, Inc.*, 845 F. Supp. 2d 523, 532 (E.D.N.Y. 2012) (rejecting discovery rule for implied warranty claims under NY UCC § 2-725, and explaining "there can be no claim of delayed accrual for future performance of any implied warranty"). Plaintiff does not dispute that he never saw or relied upon (justifiably or otherwise) any NIBCO statement directed to him that caused him to wait more than four years from the date of installation to sue. His claim is too late as a result.[3] (*See* MTD at 8-9).

Moreover, Plaintiff appears to have abandoned any claim that fraudulent concealment applies based on NIBCO's non-disclosure of the alleged defects. (Opp. at 8). In any event, Plaintiff does not dispute that there is no fiduciary relationship possibly triggering a duty to disclose, so any omission-based theory fails as a result. (MTD at 9).

C.  **Plaintiff's Strict Liability And Negligence Claims Must Be Dismissed With A Sole Limited Exception[4] [Fourth, Fifth, Sixth, And Seventh Causes of Action]**

1.  *The Economic Loss Doctrine Bars The Claims*

Plaintiff concedes that the economic loss doctrine precludes tort recovery for the cost to repair or replace the PEX products. (Opp. at 9). This Court should therefore dismiss any portion

---

[3] Plaintiff cites no cases applying New York law and excusing the reliance requirement for pleading fraudulent concealment. The two he does cite addressed federal antitrust and securities law and are inapposite. *State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065 (2d Cir. 1988) (antitrust); *Dietrich v. Bauer*, 76 F. Supp. 2d 312 (S.D.N.Y. 1999) (statutory securities exception).

[4] NIBCO's motion does not seek to dismiss Plaintiff's strict liability claim (Fourth Cause of Action) to the limited extent premised on a ***design defect*** theory for water damage to ***personal property*** in Plaintiff's home.

-5-

of Plaintiff's strict liability and negligence claims seeking to recover such damages.

Plaintiff's arguments that he should be able to pursue claims for water damage to adjacent areas of his home are wrong. First, he makes no attempt to address NIBCO's cases on point rejecting similar bids to recover for water damage to a structure allegedly caused by failed construction materials used in the structure. (MTD at 11-13). Moreover, a closer read of Plaintiff's cases reveals that they are readily distinguishable or actually support NIBCO's position. For instance, in *Atlas Air, Inc. v. Gen. Elec. Co.*, 16 A.D.3d 444 (2d Dep't 2005), the economic loss rule barred tort claims for damage to other parts of a Boeing aircraft from a failure of an integrated GE engine, just like the doctrine bars water damage to the home from the alleged leak of the integrated PEX Tubing.

Several of Plaintiff's other cases involve the failure of one product that caused damage to another product that was purchased separately and thus part of a different bargain (as opposed to a claimant who, like Plaintiff, purchased a finished product, like his house).[5] Plaintiff's remaining cases concern the inapposite situation of a product that contaminated other property, not a failure of an integrated product to perform its intended function in a way that caused physical damage to the bargained for structure.[6] As discussed in *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F.

---

[5] *See*, *e.g.*, *126 Newton St., LLC v. Allbrand Commercial Windows & Doors, Inc.*, 121 A.D.3d 651 (2d Dep't 2014) (plaintiff purchased and paid for installation of doors and windows separately from the adjacent floors and walls that were damaged as a result of water intrusion); *Arkwright Mut. Ins. Co. v. Bojoirve, Inc.*, No. 93 CV 3068, 1996 WL 361535 (S.D.N.Y. June 27, 1996) (defective governor was purchased separately from the generator in which it was later installed, and thus damage to generator and other items in building was not barred). In *Policy No. Z101663/003 v. Farley Grp.*, No. 12 CV 0707, 2015 WL 5602924 (N.D.N.Y. Sept. 23, 2015), the court ruled that, while the economic loss rule did not bar recovery for damages to a turf field that was not purchased as part of the same package as the defective air dome, damages to other components of the dome, such as roof panels and lighting, were barred by the economic loss rule.

[6] *See*, *e.g.*, *Vill. of Groton v. Tokheim Corp.*, 202 A.D.2d 728 (3d Dep't 1994) (defective regulator that was a component of a fuel dispensing system within a facility caused environmental damage

-6-

Supp. 2d 357 (W.D.N.Y. 2013), the court dismissed claims over water damage to a building caused by defective trim board, and regarded the distinction between failing its intended function and other defects as "critical." *Id.* at 360-61 ("Critical to a determination of whether a tort claim is barred by the economic loss doctrine is whether damages are sought for the failure of the product to perform its intended purpose, in which case recovery is barred by the economic loss doctrine . . . ."). The contamination-of-other-property cases thus do not salvage Plaintiff's claim.

While relying on distinguishable cases, Plaintiff wholly ignores *Washington Apts., L.P. v. Oetiker, Inc.*, 43 Misc. 3d 265 (N.Y. Sup., Erie County, 2013) -- a case directly on point barring tort recovery for water damage to surrounding areas of an apartment building caused by failed PEX plumbing products (made by a manufacturer other than NIBCO). The court looked at a long line of New York case-law -- cited in NIBCO's opening brief and also ignored by Plaintiff -- barring recovery in tort against manufacturers in similar contexts. *See id.* at 269-7; *see also* MTD at 12, n. 4; *Weiss*, 21 A.D.3d at 1096 ("The economic loss doctrine provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract, and personal injury is not alleged or at issue."). The alleged damage to walls, flooring,

---

-- contamination of the soil and ground water -- outside the facility); *Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp. 2d 241 (S.D.N.Y. 2001) (defective whirlpool spa filter facilitated growth of Legionnaires' disease bacteria contaminating the water supply and physically injuring plaintiff); *Praxair, Inc. v. Gen. Insulation Co.*, 611 F. Supp. 2d 318 (W.D.N.Y. 2009) (insulation coating product performed its intended purpose as an insulation joint sealant by maintaining cold temperatures in piping and vessels, but contained an unsafe ingredient that caused formation of acid resulting in extensive damage to the plaintiff's facility). Further, in *Praxair*, the court recognized that *Weiss v. Polymer Plastics Corp.*, 21 A.D.3d 1095 (2d Dep't 2005) and *Hemming v. Certainteed Corp.*, 97 A.D.2d 976 (4th Dep't 1983) -- two of the cases cited by NIBCO -- correctly refused to apply the "other property" exception because the damages in those cases resulted as a direct consequence of the products' failures to perform their intended purpose -- here, tubing for a home plumbing system that allegedly failed to prevent the escape of water.

-7-

cabinets, and other surrounding areas of Plaintiff's home does not constitute "other property" to avoid the economic loss doctrine under New York law. Such claims should be dismissed as a consequence.

### 2. *Plaintiff Also Fails To Allege Claims Based On Manufacturing Defect and Failure To Warn Theories*

As discussed *supra* in Section A.2, Plaintiff alleges, at most, a design defect theory -- *not* a manufacturing defect claim. (*See also* MTD at 5-6, 13-14); *Guariglia*, 2018 WL 1335356, at *5 (holding that because plaintiffs fail to allege how units they purchased were different from other units, and instead contend that *all* were defectively designed, "the Court does not see any way forward for the Plaintiffs' manufacturing defect claims").[7]

With respect to Plaintiff's "failure to warn" theory, NIBCO established in its opening brief that Plaintiff failed to plead causation to support such a claim -- *i.e.*, that a proper warning would have caused him to act any differently because there is no basis to conclude that he would have seen any warning that NIBCO allegedly should have made. (MTD at 15). In opposition, Plaintiff essentially asks the Court to ignore his obligation to plead facts supporting the causation requirement in favor of an illogical leap that had a warning been provided, Plaintiff "would not have purchased a home with the Products or expended money to fix the Products." (Opp. at 12). The Amended Complaint includes no factual allegations supporting such a leap, particularly because Plaintiff does not claim to have had any input in the selection of PEX Products or knowledge of their installation. Stated differently, Plaintiff cannot hold NIBCO liable for failing

---

[7] The *Bertini v. Smith & Nephew, Inc.* decision cited by Plaintiff (8 F. Supp. 3d 246 (E.D.N.Y. 2014)) (Opp. at 10-11) is not the same decision cited by NIBCO (No. 13 CV 0079, 2013 WL 6332684 (E.D.N.Y. July 15, 2013)). The decision NIBCO cited ruled that a manufacturing defect was not properly pled. In any event, the cases cited by Plaintiff (Opp. at 11), are distinguishable because they did consider or involve a situation, like here, where the very crux of Plaintiff's case is that *all* PEX is made the same way and defective forecloses any manufacturing defect claim.

-8-

to warn *him* of purported "dangers" allegedly inherent in NIBCO PEX Products without plausible factual allegations establishing that Plaintiff read, saw, or heard (or would have read, seen, or heard) any warning about NIBCO PEX Products, or that any warning or lack thereof influenced (or would have influenced) some decision *he* made about using PEX Products. (MTD at 15).

### D.  Plaintiff's Claims Must Be Dismissed To The Extent They Are Based On PEX Clamps Or Fittings [All Causes of Action]

Plaintiff does not allege that any Fitting or Clamp leaked in his home, and he cannot assert a cause of action over either product as a result. (MTD at 16). Plaintiff concedes that he personally does not have a cause of action over Fittings or Clamps. (*See* Opp. at 16-17).

Undeterred, Plaintiff argues that he can maintain claims over PEX Clamps and Fittings that did not fail in his home because he seeks to represent a class. This argument is both misleading and incorrect. It is misleading because there is no class to represent -- as detailed in NIBCO's pre-motion letter, Plaintiff opted out of a nationwide class settlement of claims concerning the same NIBCO PEX products to pursue his claims individually. (Dkt. 10, p. 1). That settlement has been finally approved, and judgment entered on NIBCO's behalf. *See Cole v. NIBCO, Inc.*, Case No. 13 CV 7871 (D.N.J.), Dkt. 227 (April 11, 2019) and Dkt. 230 (April 12, 2019), attached hereto respectively as Exhibits A and B.[8]

More fundamentally, Plaintiff's argument is incorrect because the class action device does not confer on a named plaintiff the ability to state claims he does not have personally. *See Lewis v. Casey,* 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that

---

[8] The Court can take judicial notice of the order and judgment and consider them at this stage. *See Steinmetz v. Toyota Motor Credit Corp.*, 963 F. Supp. 1294, 1299-1301 (E.D.N.Y. 1997) (taking judicial notice, on 12(b)(6) motion to dismiss, of class action settlement and final judgment entered in another court).

they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . which they purport to represent.") (first alteration in original) (citations and quotations omitted); *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 548 (W.D.N.Y. 2018) (dismissing claim because plaintiff did not allege that she individually was injured by products at issue); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 158 (2d Cir. 2012) (holding that question of standing to "assert claims *on behalf of* purchasers of Certificates from other Offerings" differs from whether plaintiff can pursue claim personally, and dismissing claims). Other courts have dismissed similar claims by users of NIBCO PEX Fittings and Clamps where those components did not leak in the named plaintiffs' homes. *Meadow v. NIBCO Inc.*, No. 15-1124, 2016 WL 2986350, at *4 (M.D. Tenn. May 24, 2016). Proximate cause and damages are necessary elements of *Plaintiff's own claims*, and he does not even attempt to argue that he has satisfied these elements for any claim concerning PEX Fittings and Clamps. (*See* MTD at 16). Such claims should be dismissed as a consequence.

### E. Plaintiff's Unjust Enrichment Claim Must Be Dismissed [Eighth Cause of Action]

Plaintiff argues that unjust enrichment can be pled in the alternative to contractual warranty claims. He misses the point. Unjust enrichment is available as an alternative claim only if there is a dispute about the existence of a warranty governing the subject matter of the action. *See Bristol Vill.*, 916 F. Supp. 2d at 366-67. There is no dispute here that a Limited Warranty exists; rather, NIBCO has demonstrated that Plaintiff has no right to recovery under the Limited Warranty. Further, the cases cited by Plaintiff are inapposite because, unlike here, none involved an actual warranty that governed claims with respect to a product's defects or issues. (*See* Opp. at 17).

## CONCLUSION

NIBCO respectfully requests that the Court grant NIBCO's motion to dismiss the Amended Complaint as set forth herein.

| | |
|---|---|
| Dated:  June 10, 2019 | Respectfully submitted, |

                                           **MORGAN, LEWIS & BOCKIUS LLP**

                                           */s/ Franco A. Corrado*
                                           J. Gordon Cooney, Jr. (*pro hac vice* application forthcoming)
                                           Franco A. Corrado (admitted *pro hac vice*)
                                           1701 Market Street
                                           Philadelphia, PA  19103
                                           (215) 963-5000
                                           gordon.cooney@morganlewis.com
                                           franco.corrado@morganlewis.com

                                           Simon Chang
                                           101 Park Avenue
                                           New York, NY 10178
                                           (212) 309-6000
                                           simon.chang@morganlewis.com

                                           *Attorneys for Defendant NIBCO Inc.*